**12 CV 0384**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | 05-CR-748 |
| -V- | Fed.R.Crim.P 41 (g) |
| JUAN CARLOS SERRANO | |

---

**MOTION TO RETURN PROPERTY PURSUANT TO 41(g)**

RECEIVED MAY 14 2012 PRO SE OFFICE

TO THE Honorable Court:

HERE COMES NOW, Juan-Carlos: Serrano, Pro Se, Sui Juris, In Propia Persona, Plaintiff in the above titled matter (herein after "Serrano") to very respectfully move and request from this Honorable Court the following:

1) This return of private property 41 (g) motion being respectfully submitted to this Honorable Court and request that his pleadings not be held to the stringent standards as an attorney's would be and to please afford him the leeway mandated in Haines v. Keiner 404 U.S. 519, 520 (1972).

### JURISDICTIONAL STATEMENT

This Honorable Court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1335.

### STATEMENTS OF FACT

1) On June 22, 2005 Petitioner was charged in a one count indictment.

2) Within said indictment which did not specify the potential property forfeiture as to Count One nor was it's reference made at sentencing.

3) Pursuant to Federal Rules of Criminal Procedure (FRCrP) 32.2 "forfeiture

allegations must be contained in indictment information and not a boiler plate.

4) On or about June 23, 2005, the prosecution through it's affiliate the DEA seized from <u>3 White Birch Way, Wappinger Falls NY 12590</u>See Exhibit <u>A</u>.

5) Pursuant to FRCrP 32.4 (b) "A court must <u>NOT</u> enter a judgement of forfeiture in a criminal proceedings unless the indictment or information contains <u>notice</u> to the petitioner of specific items the government will seek for forfeiture of property an part of any sentence."

6) Pursuant to FRCrp 32.2 (a) "A court must NOT enter a judgement of forfeiture in a criminal proceeding unless the indictment of information contains notice to the petitioner that the government will seek the forfeiture of the property as part of any sentence."

7) The Petitioner <u>never</u> received "forfeiture allegation" as specified and required pursuant to FRCrP 32.2 (a). There was no property list or consent given to forfeiture.

8) The Petitioner <u>never</u> received <u>notice</u> from the government seeking or specified potential property for forfeiture as specified and required pursuant to FRCrP 32.3 (b).

9) The Petitioner never received notice or judgement from this court pertaining to requirements for a judgement of forfeiture in a criminal proceeding pursuant to FRCrP 32.2 (a).

10) The prosecutor did knowingly and willfully violate the requirements of FRCrP 32.2 (a) by refusing to include "forfeiture allegations" in the indictment, and failing to include them at sentencing.

2

11) The prosecutor did knowingly and willfully violate the requirements of FRCrP 32.3 (b) by refusing to provide _notice_ that it was seeking property listed for forfeiture against the Petitioner.

Based upon the foregoing, and the government's knowing and willful refusal to comply with this Court's established Federal Rules of Criminal Procedure, the Petitioner asks this honorable court to return all of the improperly seized property specifically listed in Exhibit "A" attached hereto, to its rightful owner pursuant to FRCrP 41 (g) based on the facts that:

1) The Petitioner is the rightful owner of the seized property;

2) The property is not contraband;

3) The seizure of the property was improper and illegal pursuant to the government's knowing and willful refusal to comply with the law by disobeying the strict guidelines pertaining to forfeiture and seizures in FRCrP 32.2(a) and 34.3(b).

4) "All laws in conflict with these rules shall be of _no_ further force or effect after such rules have taken effect." Pursuant to 28 U.S.C. § 2072(b).

5) The record evidence is insufficient to established by Congress. The DEA "administratively forfeited" Serrano's tangible private property without any congressional authority to do so in violation of Mr. Serrano's Due Process Right reserved under the Fifth Amendment to the U.S. Constitution. As such, Mr. Serrano is entitled to the return of his private property or to equitable relief in the form of a monetary judgement equal to the value taken on June 23, 2005 at 3 Withe Birch Way, Wappinger Falls, New York [near 12590] See Exhibit A.

VERIFICATION

I Juan-Carlos: Serrano Pro se, Sui Juris, hereby verify under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the above statements of facts and laws are true and correct, to the best of my current information, knowledge and belief, and not meant to mislead, so help me God, pursuant to 28 U.S.C. Sec. 1747(1).

                                                    Respectfully yours,

By: *[signature]*
     Juan-Carlos: Serrano
     Solvent, All Rights Reserved
     UCC 1-308 Without Prejudice/Recourse

Date: 5-11-12

VERIFICATION

CERTIFICATE OF SERVICE

On this    day of May 2012 a true and correct copy of Motion for Return of Seized Property pursuant to Rule 41(g) was mailed to Clerk's Office in the Southern District of New York (Foley Square) 500 Pearl Street N.Y, N.Y. 10007, and the government Ms. Jocelyn E. Strauber, U.S. Attorney's Office SDNY One St. Andrew's Plaza, New York, N.Y. 10007. Phone number: 121-637-2641. Email: Katherine.goldstein@usdaj.gov.



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Juan Serrano, Prisoner ID No. 53176-054 aka Carlito and Carlos
Metropolitan Detention Center
100 29th Street
Brooklyn, NY 11232

| | |
|---|---|
| Asset Id: | 05-DEA-453997 |
| Case Number: | CT-05-0083 |
| Property: | $17,141.00 U.S. Currency |
| Asset Value: | $17,141.00 |
| Seizure Date: | 06/23/05 |
| Seizure Place: | Wappinger Falls, NY |
| Owner Name: | Serrano, Juan |
| Seized From: | Serrano, Juan |
| Judicial District: | Southern District of New York |

**NOTICE MAILING DATE:** July 28, 2005

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **September 1, 2005**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.** Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset Id referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

*Exhibit A*

Seizure Form

Date/Time: 07/13/05 10:27:53

Page 7 of 7

Asset ID: 05-DEA-453997
Asset Description: $17,141.00 U.S. Currency

## Additional Processing Details:

| | |
|---|---|
| Seizure Form Status: | C (Complete) |
| Pre-seizure Plan?: | N |
| Headquarters Receipt Date: | 07/07/05 |
| Analyst ID: | |
| Squad / Team: | |
| Sub File: | |
| Scheduled Ad Date: | |
| Dea Ad Code: | 831 |
| Prior Ad Codes: | |
| Seizure Form Entry Date: | 07/06/05 |
| Forwarded to Legal Date: | |
| Returned from Legal Date: | |
| Szr Event/Exhibit #: | N-9 |
| Prior Seizure Number(s): | |

Forfeiture Type:   B-Administrative            Date Changed:
Prior Forfeiture Types:

Judgment Asset ID:

## Asset Comments:

Denom: $1 x 66, $5 x 53, $10 x 38, $20 x 309, $50 x 25, $100 x 90.  Total: $17,141.00 USC.  FCN: 05-0526.

Exhibit A

1134