UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

JUAN CARLOS SERRANO,

                Plaintiff,

- against -

UNITED STATES OF AMERICA

                Defendant.
------------------------------------------------------X

MEMORANDUM
OPINION AND ORDER

12 Civ. 3841 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        Juan Carlos Serrano, a criminal defendant and the plaintiff herein, filed a motion for the return of property pursuant to Federal Rule of Criminal Procedure 41(g) ("Rule 41(g)").[1] Specifically, Serrano seeks the return of $17,141.00 in United States currency seized by the Drug Enforcement Administration ("DEA") shortly after his arrest on June 23, 2005.[2] Serrano argues that several of the notice requirements found in Federal Rule of Criminal

---

[1] Rule 41(g) states, in relevant part, as follows: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized."

[2] *See* Motion to Return Property Pursuant to [Rule] 41(g) (hereafter the "Motion").

Procedure 32.2 ("Rule 32.2") were not satisfied by the Government.³ Serrano further argues that the DEA "administratively forfeited" his tangible private property in violation of his Fifth Amendment due process rights.⁴ For the following reasons, Serrano's motion is denied.

In arguing that the Rule 32.2 requirements were not met, Serrano fails to distinguish between administrative and criminal forfeitures. Rule 32.2 is only applicable to criminal forfeitures; forfeitures that are incorporated into a defendant's sentence.⁵ Administrative forfeitures, which are civil in nature, are subject to an entirely different set of rules.⁶ Federal law authorizes the civil forfeiture of drug trafficking proceeds.⁷ For property worth $500,000.00 and less,

> the Drug Enforcement Agency ("DEA") follows the administrative forfeiture procedure set out in the customs

---

³ *See, e.g., id.* at 2, ¶ 7 ("The Petitioner <u>never</u> received 'forfeiture allegation' as specified and required pursuant to FRCrP 32.2(a).") (emphasis in original).

⁴ *See id.* at 5, ¶ 5.

⁵ *See United States v. Erpenbeck*, 682 F.3d 472, 476 (6th Cir. 2012).

⁶ *United States. v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004) (stating that a defendant's petition for the return of his automobile, which was seized in an administrative forfeiture proceeding by the DEA, was a civil proceeding rather than a Rule 41(g) motion).

⁷ *See Alli-Balogun v. United States*, 281 F.3d 362, 364 (2d Cir. 2002) ("The civil forfeiture of funds or property that are the proceeds of drug transactions is authorized by 21 U.S.C. § 881.").

laws. 19 U.S.C. § 1607(a)(1); 21 U.S.C. § 881(d); *Torres v. $36,256.80 U.S. Currency*, 25 F.3d 1154, 1156 (2d Cir. 1994). *See United States v. Idowu*, 74 F.3d 387, 394 (2d Cir. 1996). The DEA accordingly commences administrative forfeiture by publication and notice to each person having an interest in the property. 19 U.S.C. § 1607(a). A claimant in receipt of such notice can challenge forfeiture in a "judicial" proceeding by filing a timely claim with the DEA. 19 U.S.C. § 1608; 28 C.F.R. §§ 9.1-9.5; 21 C.F.R. §§ 1316.75-76. Generally, if no claim is filed, an administrative forfeiture occurs by default. 19 U.S.C. § 1609(a); 21 C.F.R. § 1316.77 . The filing of a timely claim stops the administrative forfeiture process and the United States Attorney is required to institute judicial forfeiture proceedings. 19 U.S.C. §§ 1603(b), 1608; 21 C.F.R. §§ 1316.76(b), 1316.78.[8]

In sum, before property and/or money is administratively forfeited, the Government must: "(1) publish notice of the administrative forfeiture and (2) send written notice to any party who appears to have an interest in the seized article."[9] Both requirements have been met here. *First*, the publication requirement has been satisfied by the Declaration of Forfeiture which states: "[I]n accordance with 19 U.S.C. Section 1607, notice of the seizure has been published and no claim has been filed for the property within 30 days from the date of last

---

[8] *Id.* at 365 (dates of code editions and subsequent case history omitted).

[9] *United States v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005) (citing *Kadonsky v. United States*, 216 F.3d 499, 503 (5th Cir. 2000)).

publication of the advertisement."[10] *Second*, the written notice requirement has also been satisfied. Included in Serrano's own Motion is a copy of the Notice of Seizure addressed to him at the Metropolitan Detention Center.[11] The Notice of Seizure, which has a mailing date of July 28, 2005, states that the recipient may contest the forfeiture of the seized property in federal district court by filing a claim with the DEA by September 1, 2005.[12] Apparently, Serrano failed to file such a claim. Because all of the requirements of an administrative forfeiture have been met, Serrano's motion for the return of property is denied.

Furthermore, even if Rule 41(g) were the proper mechanism for the return of Serrano's property, his claim would still fail because it is untimely. A motion for the return of property pursuant to Rule 41(g) is subject to a six-year statute of limitations.[13] Here, the right of action accrued as early as July 28, 2005, the date of the Notice of Seizure, but no later than December 2, 2005, the date of

---

[10] Declaration of Forfeiture, appended to the Government's letter to the Court dated August 24, 2012.

[11] *See* Ex. A to the Motion.

[12] *See id.*

[13] "[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). *Accord Perez v. United States*, No. CR 89-0408-3, 2006 WL 1582187, at *1 (E.D.N.Y. Mar. 21, 2006) (citing *Boero v. Drug Enforcement Admin.*, 111 F.3d 301, 305 n.5 (2d Cir. 1997)).

the Declaration of Forfeiture. Accordingly, Serrano's Rule 41(g) motion was required to be filed on or before December 2, 2011. Serrano's Motion, dated May 11, 2012, was received by the Pro Se Department of this Court on May 14, 2012. Thus, Serrano's Motion is untimely and can be dismissed on this alternative ground.

For the foregoing reasons, Serrano's Motion to Return Property Pursuant to [Rule] 41(g) is denied. This Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purposes of appeal.[14] The Clerk of the Court is directed to close this Motion (Docket Entry #1) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
September 10, 2012

---

[14] *See Coppedge v. United States*, 369 U.S. 438, 443-44 (1962).

5

## - Appearances -

**Plaintiff (Pro Se):**

Juan Carlos Serrano
# 53176-054
P.O. Box 1000
Federal Correctional Institution
Loretto, PA 15940

**For the Government:**

Jocelyn Strauber
Guruanjan Sahni
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-1034/2491